**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

NICOLE MOTTO                                                                                                    PLAINTIFF

v.                                            No. 4:11CV00058 JLH

STATE FARM FIRE & CASUALTY COMPANY                                                  DEFENDANT

**ORDER**

Although several motions are pending, the threshold questions are whether Nicole Motto served State Farm Fire & Casualty Company with process as required by law and, if she failed to do so, whether State Farm has waived its objection to the failure to serve process properly by removing this action from state court to federal court.

Exhibit K to State Farm's motion for summary judgment or for protective order shows that the summons and complaint were sent by certified mail, return receipt requested, to President, State Farm Fire & Casualty Company, 12222 State Farm Blvd., Tulsa, OK 74103. Rule 4(d)(5) of the Arkansas Rules of Civil Procedure provides that service may be had on a foreign corporation by delivering a copy of the summons and complaint to an officer, a managing or general agent, or agent for service of process. Rule 4(d)(8)(A)(i) provides that service may be accomplished by certified mail, return receipt requested, with delivery restricted to the addressee or the agent of the addressee. That rule also says that the addressee must be a natural person specified by name. Here, the addressee was not a natural person specified by name, nor was the certified mail sent with delivery restricted to the address or the agent of the addressee. Accordingly, State Farm was not properly served with summons and complaint as required by the Arkansas Rules of Civil Procedure.

Motto argues that State Farm waived its objection to the validity of service of process by removing this action to federal court. In support of that argument, Motto cites a series of cases in

which the United States Supreme Court held that a party that removes an action from state court to federal court has waived its Eleventh Amendment immunity. *See Lapides v. Bd. of Regents of Univ. System of Georgia*, 535 U.S. 613, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002). Those cases are not on point. It is well established that a party who removes an action from state court to federal court does not waive that party's objection to the lack of proper service of process. *General Inv. Co. v. Lake Shore & M.S. Ry. Co.*, 260 U.S. 261, 268-69, 43 S. Ct. 106, 110, 67 L. Ed. 244 (1922); 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1082 (3rd ed. 2002) ("A defendant does not waive objections to personal jurisdiction or service of process by removing the action to federal court . . . .").

Rule 4(m) of the Federal Rules of Civil Procedure provides that if a defendant is not served within 120 days after the complaint is filed, the Court must dismiss the action without prejudice or order that service be made within a specified time. The rule also provides that, if the plaintiff shows good cause for the failure, the Court must extend the time for service for an appropriate period of time. Here, Motto did not properly serve State Farm within 120 days of filing the complaint and has not offered any reason for the failure to accomplish service within that period of time. Accordingly, this action is dismissed without prejudice.

IT IS SO ORDERED this 13th day of June, 2011.

                                                 */s/ J. Leon Holmes*
                                                 J. LEON HOLMES
                                                 UNITED STATES DISTRICT JUDGE